UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WINDSONG APARTMENTS, LLC., | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CASE NO. CIV-12-551-W |
| | § | |
| LEXINGTON INSURANCE COMPANY, | § | |
| **Defendant.** | § | |

PLAINTIFF WINDSONG APARTMENTS, LLC.'S
COMPLAINT AGAINST DEFENDANT LEXINGTON INSURANCE COMPANY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES WINDSONG APARTMENTS, LLC., Plaintiff, and files this its Complaint complaining of LEXINGTON INSURANCE COMPANY, Defendant, and for cause of action would respectfully show the Court as follows:

## I.
## PARTIES

1.      Plaintiff WINDSONG APARTMENTS, LLC. is a limited liability company duly formed and existing under the laws of the State of Oklahoma, with its principal place of business in Oklahoma County, Oklahoma.

2.      Defendant LEXINGTON INSURANCE COMPANY is a foreign corporation allegedly formed and existing under the laws of the State of Delaware and authorized to engage in the insurance business in the State of Oklahoma by the Oklahoma Insurance Department, and may be served with process by serving its Registered Agent, Corporation Service Company, via certified mail, return receipt requested, restricted delivery, at its last known address on file with the Delaware Secretary of State at 2711 Centerville Rd., Suite 400, Wilmington, Delaware, 19808.

## II.
## VENUE AND JURISDICTION

3.      This Court has venue over the parties to this action pursuant to 28 U.S.C. §1391 (a)(1)

because jurisdiction is based on diversity of citizenship and the insured property was situated in

Oklahoma County, Oklahoma when the action accrued.  Furthermore, this Court has jurisdiction

because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between

citizens of different states pursuant to 28 U.S.C. §1332 (a)(1).   Additionally, Defendant has

purposefully established minimum contacts with Oklahoma, such contacts are continuing and

systematic, and the exercise of jurisdiction by the State of Oklahoma does not offend traditional

notions of fair play and substantial justice.

## III.
## DEMAND FOR JURY TRIAL

4.      Plaintiff asserts its rights under the Seventh Amendment to the U. S. Constitution and

demands, in accordance with FED. R. CIV. P. 38, a trial by jury on all issues.

## IV.
## FACTS

5.      Defendant issued commercial insurance policy (hereinafter "Policy"), identified as

policy no. 008757794, which was in full force and effect on the date of loss as specified herein,

designating Plaintiff as the named insured, and insuring Plaintiff's premises consisting of 12

buildings located at Windsong Village Apartments, 7255 South Walker Ave., Oklahoma City,

Oklahoma 73139 (hereinafter "Property"), against loss occurring from damage to the Property as a

result of windstorm and hail.  Defendant represented that the insurance was appropriate for the

coverage of Plaintiff's Property and that Plaintiff's Property was of such condition to be insurable

with replacement cost coverage at the time of application. Defendant also represented that the Policy would pay monetary benefits to Plaintiff in the event of damage to the buildings arising from wind and hail storm occurring during the effective dates of the Policy. At all times material herein, the Policy issued by Defendant to Plaintiff was in full force and effect.

6.     The Property insured by Defendant suffered substantial hail and windstorm damage during a storm on or about May 16, 2010. The physical evidence reveals that the Property was struck by hail stones and/or wind damage which caused significant impact damage. Specifically, on September 27, 2010, Champion Contractors & Services, LLC. ("Champion") produced an estimate of the damages on the Property after inspecting same. The estimate provided a detailed description of each building and itemized the need to remove and replace the metal roof system along with the roof appurtenances such as gutters, downspouts, and roof vents. The Champion estimate of repairs totaled $996,171.34.

7.     Plaintiff promptly provided Notice of Loss to Defendant and/or its agents, fully complying with its duties under the Policy for notice of claims. On or about October 13, 2010 and November 19, 2010, consultants for Defendant, Christopher J. Meyer and Bryan D. Jones of Unified Building Sciences & Engineering, Inc., performed investigations and evaluations of the wind and hail storm damage sustained to Plaintiff's Property.

8.     Mr. Meyer produced a report of his conclusions on or about January 12, 2011, as well as an estimate of replacement/repair costs. The report failed to provide for total replacement of the modified bitumen roof systems as provided by the Policy, concluding instead that although evidence of hail was present, such marks "were superficial and did not result in damage to the involved

roofing." Mr. Meyer then recommended merely replacing any displaced granules on the roofs with cold adhesive and new granules. This conclusion was reached despite Mr. Meyer's own acknowledgment that hailstones up to 1.25" in diameter impacted the field of the roofs. Mr. Meyer's estimate, which provided for spot repair of displaced granules and the removal and replacement of the roof appurtenances such as gutters, downspouts, and awnings. The Unified Building Sciences & Engineering, Inc. estimate of repairs totaled $70,569.08.

9.      During the evaluation and adjustment of this claim, Defendant refused without just cause or excuse to pay the full amount of Plaintiff's claim resulting from the hail and windstorm.

10.     All conditions precedent to Plaintiff's cause of action against Defendant have been performed or have occurred. Despite numerous demands by Plaintiff that Defendant pay the just amounts due under the Policy, Defendant has failed and refused and continues to fail and refuse to pay the total value of the claim for which it is obligated to pay under the Policy.

## V.
## BREACH OF CONTRACT

11.     Plaintiff and Defendant entered into a contractual relationship whereby Plaintiff agreed to pay premiums and Defendant agreed to pay covered claims on the Property in accordance with the insurance Policy. Defendant breached its contractual obligations to Plaintiff, its insured, by failing to pay the full amount of the covered claim on the Property. The breach of contract by Defendant proximately caused Plaintiff's damages as set forth below, all of which were reasonably foreseeable.

## VI.
## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

12.     Plaintiff would additionally show that from and after the time Plaintiff's claim was presented to Defendant, Defendant's liability to pay the claim in accordance with the terms of the Policy was reasonably clear.   Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny payment of Plaintiff's claim, Defendant refused to accept the claim and pay Plaintiff as the Policy required.

13.     At that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear.  In this regard, Plaintiff will show Defendant failed to conduct a reasonable, proper investigation of the claim and refused to rely on the true facts, resorting instead to producing faulty, incomplete, and biased reasons as subterfuges to avoid paying a valid claim.  Defendant may not allege any new basis for the denial of the claim as its conduct is to be judged based on what it knew at the time of the denial.

14.     Consequently, Defendant breached its duty to deal fairly and in good faith with Plaintiff.  Defendant's breach was a proximate cause of losses, expenses, and damages suffered by Plaintiff as more specifically described below.

15.     The breach of duty by Defendant was aggravated by the kind of fraud for which the law allows the imposition of exemplary damages.  Defendant's conduct included the making of a material misrepresentation that was false and either known by Defendant to be false, or made as a positive assertion with reckless disregard for the truth.  Defendant intended that the representation

would be relied upon by Plaintiff and, in fact, Plaintiff did rely on the representation and suffered harm as a result. Plaintiff, therefore, seeks exemplary damages in an amount to be assessed by the trier of fact.

## VII.
## FAILURE TO ACCEPT OR REJECT PLAINTIFF'S CLAIM

16.    Defendant timely received a report of claim from Plaintiff, fully apprising Defendant of all the facts relating to Plaintiff's claim under the Policy of insurance as detailed above. Plaintiff fully cooperated with Defendant during the investigation of Plaintiff's claim. Notwithstanding such cooperation, Plaintiff has not received a written offer of settlement nor a rejection of its claim pursuant to 36 OKLA. STAT. §3629(B), thereby refusing to pay the benefits afforded by the Policy of insurance. Therefore, due to Defendant's wrongful refusal to pay the entirety of the claim, Plaintiff is entitled to recover the additional sum of 15 percent per annum on Plaintiff's damages as described in this complaint from May 16, 2010, until the date the judgment is paid in full.

## VIII.
## ECONOMIC DAMAGES

17.    Defendant's conduct in this matter was the producing and proximate cause of harm to Plaintiff in that Plaintiff has lost the benefits and protections afforded by the Policy of insurance on the Property, purchased from Defendant, in the sums set forth above.

## IX.
## EXEMPLARY DAMAGES

18.    Plaintiff will additionally show that the breach of the duty of good faith and fair dealing by Defendant was aggravated by the kind of fraud for which the law allows the imposition of exemplary damages. Defendant's conduct included the making of a material misrepresentation

that was false and either known by Defendant to be false, or made as a positive assertion with reckless disregard for the truth. Defendant intended that the representation would be relied upon by Plaintiff and, in fact, Plaintiff did rely on the representation and suffered harm as a result. Plaintiff, therefore, seeks exemplary damages in an amount to be assessed by the trier of fact.

amount to be assessed by the trier of fact.

## X.
## ATTORNEY'S FEES

19.    Because of Defendant's conduct, Plaintiff has been compelled to engage the services of the undersigned attorneys to prosecute this action. Plaintiff is, therefore, entitled to recover from Defendant a reasonable sum for the necessary services of the undersigned attorneys in the preparation and trial of this action pursuant to 36 OKLA. STAT. §3629(B).

## XI.
## INTEREST

19.    Plaintiff would further show the Court that it is entitled to recover both pre-judgment interest and post-judgment interest as provided by law.

WHEREFORE, PREMISES CONSIDERED, Plaintiff WINDSONG APARTMENTS, LLC. prays that Defendant LEXINGTON INSURANCE COMPANY be cited to appear and answer herein and that, upon final trial, Plaintiff have and recover from Defendant:

(1)     Judgment for the benefits payable under the insurance policy made the subject of this suit;

(2)     Damages for the harm suffered by Plaintiff and described in this petition in a sum as found by the trier of fact within the jurisdictional limits of the Court;

(3)     Exemplary damages or enhanced damages as found by the trier of fact;

(4)     15 percent per annum on the benefits payable under the insurance policy from May 16, 2010, until the judgment is paid in full.

(5)     An award of all costs of suit;

(6)     An award of reasonable attorneys' fees;

(7)     Pre-judgment interest and post-judgment interest as allowed by law; and

(8)     All other and further relief to which Plaintiff may show itself justly entitled, at law and in equity.

Respectfully submitted,

/s/ Sarah G. Powers
Sarah G. Powers, Lead Attorney
State Bar No. 22688
Brown Pruitt Peterson & Wambsganss, P.C.
801 Wells Fargo Tower
201 Main Street
Fort Worth, Texas  76102
(817) 338-4888
Facsimile: (817)338-0700
Email: spowers@bppw.com

**ATTORNEYS FOR PLAINTIFF
WINDSONG APARTMENTS LLC.**